UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| JUAN TOVAR | § | |
| | § | CIVIL ACTION NO. 1:14-CV-134 |
| **Plaintiff** | § | |
| | § | |
| VS. | § | |
| | § | |
| EZCORP, INC., | § | |
| | § | |
| **Defendant** | § | |

# COMPLAINT

TO THE HONORABLE U.S. DISTRICT JUDGE:

**COMES NOW**, Plaintiff Juan Tovar brings this cause of action against EZCORP, Inc. ("EZCORP"). EZCORP operates several businesses in the local area including EZPAWN and EZLOAN. Mr. Tovar respectfully shows that the Defendant's pawn shop at the Harlingen location ("Harlingen EZPAWN") is not accessible to individuals with mobility disabilities, in violation of state and federal law.

## STATEMENT OF CLAIM

1. Mr. Tovar, a person with a physical disability and mobility impairments, brings this action for declaratory and injunctive relief, attorneys' fees, costs, and litigation expenses against Defendant for violations of Title III of the Americans with Disabilities Act, 42 U.S.C. §§12181, *et seq.* ("ADA"), and its attendant regulations, the Americans with Disabilities Act Accessibility Guidelines ("ADAAG"), the Texas Accessibility Standards ("TAS"), promulgated under the Texas Architectural Barriers Act ("TABA"), Tex.Gov't. Code §469, and Chapter 121 of the Texas Human Resources Code, Tex.Hum.Res. Code §121.001 *et seq*. ("Chapter 121").

1

2. Defendant refused to provide Mr. Tovar and others similarly situated with handicap accessible parking in the parking lot that serves the Harlingen EZPAWN. Additionally, the Harlingen location does not provide an entrance ramp to its business. Based on these facts, EZCORP has denied Mr. Tovar the ability to enjoy the goods, services, facilities, privileges, advantages, and accommodations at Harlingen EZPAWN.

### JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 and § 1343(a)(3) & (a)(4) for violations of the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101, et seq. Mr. Tovar further invokes the supplemental jurisdiction of this Court, pursuant to 28 U.S.C. §1367(a), to consider his state law claims.

4. Venue is proper in this Court pursuant to 28 U.S.C. §1391(b), as the events complained of occurred in the City of Harlingen, Cameron County, wherein the Harlingen EZPAWN is located.

### PARTIES

5. Plaintiff Juan Tovar is a Vietnam Veteran with a 100% Disability Rating, established by the Veterans Administration and the Department of Veterans Affairs. Mr. Tovar has mobility impairments and uses a cane, walker, and wheelchair for mobility. He is a "qualified individual with a disability" within the meaning of ADA Title III and a "person with a disability" within the meaning of Chapter 121.

6. Defendant EZCORP, Inc. owns and operates the EZPAWN business located at 1728 W Tyler Ave, Harlingen, Texas, 78550. As a "hardware store, shopping

center, or other sales or rental establishment," the business is a place of public accommodation, operated by a private entity, whose operations affect commerce within the meaning of Title III of the ADA and Texas Accessibility Standards. *See* Tex.Gov't Code §469.003(a)(4) (applying TAS to buildings defined as public accommodations under the ADA). It is also a public facility within the meaning of Chapter 121. Tex.Hum.Res. Code §121.003.

7.  Defendant EZCORP, Inc., is a Delaware Corporation, whose headquarters are in Austin, Texas. The address of the corporate headquarters is 1901 Capital Parkway, Austin, Texas, 78746. Defendant can be served process through its registered agent, CT Corporation System, at 1999 Bryan St., Suite 900, Dallas, TX 75201-3136.

**FACTS**

8.  The Harlingen EZPAWN is a business establishment and place of public accommodation. The Harlingen EZPAWN is owned by EZCORP, Inc.

9.  The EZPAWN is not accessible to wheelchair users and disabled individuals because there are <u>no</u> handicap-accessible parking spots in the parking lot that serves the pawnshop at this property.

10. Both Satellite photographs and photographs taken at the scene confirm these statements.



**Overhead view of Harlingen EZPAWN in 2014.** Satellite Images from *Texas General Land Office, Texas Orthoimagery Program, U.S. Geological Survey, 2014.* Note: No Disabled Parking Spaces are visible, no striping is visible.



**Photographs of Harlingen EZPAWN Parking Lot.** Note: No Disabled Parking

4

 East Section of Lot

 East Section of Lot

 Southeast Section of Lot


Southeast Section of Lot


Store Entrance


Tow Away Signs on Lot

6

11. The Plaintiff patronized the EZPAWN located at 1728 W Tyler Ave, Harlingen, Texas, 78550, in June of 2014.

12. In encountering and dealing with the lack of an accessible facility, the Plaintiff experienced difficulty and discomfort. This violation denied the Plaintiff full and equal access to facilities, privileges and accommodations offered by the Defendant.

13. Additionally, on information and belief, the Plaintiff alleges that the failure to remove the barrier was intentional because: (1) this particular barrier is intuitive and obvious; (2) the Defendant exercised control and dominion over the conditions at this location and, therefore, the lack of accessible facilities was not an "accident" because had the Defendant intended any other configuration, it had the means and ability to make the change.

14. There is currently no ramp, nor other means of access to the facility that will clear the more than 1/2" threshold to enter the business.

15. The Americans with Disability Act (ADA), 42 U.S.C. §12101, has been federal law for over 25 years.

## I. FIRST CAUSE OF ACTION
## VIOLATION OF THE AMERICANS WITH DISABILITIES ACT OF 1990
## 42 U.S.C. § 12101

16. Plaintiff repleads and incorporates by reference, as if fully set forth again herein, the allegations contained in all prior paragraphs of this complaint.

17. Under the ADA, it is an act of discrimination to fail to ensure that the privileges, advantages, accommodations, facilities, goods and services of any place of public accommodation is offered on a full and equal basis by anyone who owns, leases,

or operates a place of public accommodation. See 42 U.S.C. § 12182(a). Discrimination is defined, inter alia, as follows:

> a. A failure to make reasonable modifications in policies, practices, or procedures, when such modifications are necessary to afford goods, services, facilities, privileges, advantages, or accommodations to individuals with disabilities, unless the accommodation would work a fundamental alteration of those services and facilities. 42 U.S.C. § 12182(b)(2)(A)(ii).
>
> b. A failure to remove architectural barriers where such removal is readily achievable. 42 U.S.C. § 12182(b)(2)(A)(iv). Barriers are defined by reference to the ADAAG, found at 28 C.F.R., Part 36, Appendix "D."
>
> c. A failure to make alterations in such a manner that, to the maximum extent feasible, the altered portions of the facility are readily accessible to and usable by individuals with disabilities, including individuals who use wheelchairs or to ensure that, to the maximum extent feasible, the path of travel to the altered area and the bathrooms, telephones, and drinking fountains serving the altered area, are readily accessible to and usable by individuals with disabilities. 42 U.S.C. § 12183(a)(2).

18. Pursuant to 28 C.F.R., Part 36, Appendix D (herein after "1991 Standards"), section 4.1.2, and 36 C.F.R., Part 1191, Appendix B (herein after "2010 Standards"), section 208.2, if a business provides between 1 and 25 parking spaces, they must provide at least one handicap parking space that is van accessible (having an eight foot access aisle). *See* **Exhibit 1**.

19. Here, the Defendant did not provide a single compliant handicap-accessible parking space in its parking lot, although doing so is easily and readily done, and, therefore violated the ADA. This is a violation of the law and is discriminatory.

8

## II. SECOND CAUSE OF ACTION:
## VIOLATION OF CHAPTER 121, TEXAS HUMANS RESOURCES CODE, TEXAS ACCESSIBILITY STANDARDS

20. Chapter 121 specifically addresses the ability of people with disabilities to integrate fully into society. Chapter 121 states the policy of Texas "is to encourage and enable persons with disabilities to participate in the social and economic life of the state, to achieve maximum personal independence, to become gainfully employed, and to otherwise fully enjoy all public facilities available within the state." Tex.Hum.Res. Code §121.001.

21. Pursuant to the legislative mandate in the Texas Human Resources Code, the Texas Department of Licensing and Regulation adopted the Texas Accessibility Standards ("TAS") to be the minimum guidelines for compliance with Chapter 121 of the Tex.Hum.Res. Code. The goal of TAS is to embody the required standards of accessibility for places of public accommodation.

22. TABA applies to privately funded buildings or facilities defined as a "public accommodation" by 42 U.S.C. §12181, and its subsequent amendments. Tex.Gov't. Code §469.003(a)(4). The Harlingen EZPAWN is such a public facility.

23. Defendant's violations of the ADA, 42 U.S.C. §12182 and 36 C.F.R., Part 1191, Appendix B, § 208.2 also constitute violations of the corresponding sections of the Texas Accessibility Standards § 208.2.

24. Defendant's actions have denied, and continue to deny, Mr. Tovar, because of his disabilities, and those like him, the opportunity to participate in or benefit from a good, service, or accommodation that is equal to that afforded other individuals, thus violating Chapter 121. Tex.Hum.Res. Code §121.001, *et seq.*

9

**RELIEF REQUESTED**

<u>Injunctive Relief</u>

25. Mr. Tovar will continue to experience unlawful discrimination as a result of Defendant's refusal to comply with the ADA, Chapter 121, and the TABA. Injunctive relief is necessary so he and all individuals with disabilities can access the Harlingen EZPAWN equally, as required by law, and to compel Defendant to restripe the parking lot in order to add an accessible parking space. Injunctive relief is also necessary to compel Defendant to modify the building by installing ramps in compliance with federal and state laws.

<u>Declaratory Relief</u>

26. Mr. Tovar is entitled to declaratory judgment concerning Defendant's violations of law, specifying the rights of individuals with disabilities to access the goods and services at the Harlingen EZPAWN.

27. The facts are undisputed and Defendant's non-compliance with the ADA has been proven through satellite photographs and on-site photographs.

<u>Statutory Damages</u>

28. Mr. Tovar is entitled to damages in the amount of at least $300 per violation of Chapter 121 by Defendant, pursuant to Tex.Hum.Res. Code §121.004(b).

<u>Attorneys' Fees and Costs</u>

29. Plaintiff is entitled to reasonable attorneys' fees, litigation costs, and court costs, pursuant to 42 U.S.C. §12205.

## PRAYER FOR RELIEF

THEREFORE, Mr. Tovar respectfully requests this Court award the following relief:

A.  A permanent injunction, compelling Defendant to comply with the Americans with Disabilities Act; and enjoining Defendant from violating the ADA and Chapter 121 of the Texas Human Resources Code; and from discriminating against Mr. Tovar and those similarly-situated, in violation of the law;

B.  A declaratory judgment that Defendant's actions are a violation of the ADA and Chapter 121 of the Texas Human Resources Code;

C.  Damages in the amount of at least $300 per violation of Chapter 121, pursuant to Tex.Hum.Res. Code §121.004(b);

D.  Find that Mr. Tovar is the prevailing party in this action, and order Defendant liable for Plaintiff's attorneys' fees, costs, and litigation expenses; and,

E.  Grant such other and additional relief to which Plaintiff may be entitled in this action.

DATED: JULY 28, 2014                    Respectfully submitted,

                                            By:   /s/ Omar W. Rosales
                                                Omar W. Rosales

                                                **THE ROSALES LAW FIRM, LLC**
                                                WWW.OWROSALES.COM
                                                OMAR W. ROSALES
                                                Federal No. 69067
                                                402 SOUTH F ST
                                                HARLINGEN, TX 78550
                                                (866) 402-8082 Toll-Free
                                                (956) 423-1417 Tel
                                                (956) 524-5173 Fax

CERTIFICATION OF INTERESTED ENTITIES OR PERSONS

Pursuant to Civil Local Rules, the undersigned certifies that as of this date, other than the named parties, there is no such interest to report.

/s/ Omar W. Rosales

OMAR W. ROSALES,
ATTORNEY OF RECORD FOR
PLAINTIFF JUAN TOVAR

# EXHIBIT 1




# 2010 ADA Standards for Accessible Design



**Department of Justice**
September 15, 2010

### 208 Parking Spaces

**208.1 General.** Where parking *spaces* are provided, parking *spaces* shall be provided in accordance with 208.

> **EXCEPTION:** Parking *spaces* used exclusively for buses, trucks, other delivery vehicles, law enforcement vehicles, or vehicular impound shall not be required to comply with 208 provided that lots accessed by the public are provided with a passenger loading zone complying with 503.

**208.2 Minimum Number.** Parking *spaces* complying with 502 shall be provided in accordance with Table 208.2 except as required by 208.2.1, 208.2.2, and 208.2.3. Where more than one parking *facility* is provided on a *site*, the number of *accessible spaces* provided on the *site* shall be calculated according to the number of *spaces* required for each parking *facility*.

**Table 208.2 Parking Spaces**

| Total Number of Parking Spaces Provided in Parking Facility | Minimum Number of Required Accessible Parking Spaces |
|---|---|
| 1 to 25 | 1 |
| 26 to 50 | 2 |
| 51 to 75 | 3 |
| 76 to 100 | 4 |
| 101 to 150 | 5 |
| 151 to 200 | 6 |
| 201 to 300 | 7 |
| 301 to 400 | 8 |
| 401 to 500 | 9 |
| 501 to 1000 | 2 percent of total |
| 1001 and over | 20, plus 1 for each 100, or fraction thereof, over 1000 |

> **Advisory 208.2 Minimum Number.** The term "parking facility" is used Section 208.2 instead of the term "parking lot" so that it is clear that both parking lots and parking structures are required to comply with this section. The number of parking spaces required to be accessible is to be calculated separately for each parking facility; the required number is not to be based on the total number of parking spaces provided in all of the parking facilities provided on the site.

**208.2.1 Hospital Outpatient Facilities.** Ten percent of patient and visitor parking spaces provided to serve hospital outpatient *facilities* shall comply with 502.

> **Advisory 208.2.1 Hospital Outpatient Facilities.** The term "outpatient facility" is not defined in this document but is intended to cover facilities or units that are located in hospitals and that provide regular and continuing medical treatment without an overnight stay. octors offices, independent clinics, or other facilities not located in hospitals are not considered hospital outpatient facilities for purposes of this document.

**208.2.2 Re abilitation Facilities and Outpatient P ysical T erapy Facilities.** Twenty percent of patient and visitor parking *spaces* provided to serve rehabilitation *facilities* specializing in treating conditions that affect mobility and outpatient physical therapy *facilities* shall comply with 502.

> **Advisory 208.2.2 Re abilitation Facilities and Outpatient P ysical T erapy Facilities.** onditions that affect mobility include conditions requiring the use or assistance of a brace, cane, crutch, prosthetic device, wheelchair, or powered mobility aid; arthritic, neurological, or orthopedic conditions that severely limit one s ability to walk; respiratory diseases and other conditions which may require the use of portable oxygen; and cardiac conditions that impose significant functional limitations.

**208.2.3 Residential Facilities.** Parking *spaces* provided to serve residential *facilities* shall comply with 208.2.3.

> **208.2.3.1 Parking for Residents.** Where at least one parking *space* is provided for each *residential dwelling unit*, at least one parking *space* complying with 502 shall be provided for each *residential dwelling unit* required to provide mobility features complying with 809.2 through 809.4.
>
> **208.2.3.2 Additional Parking Spaces for Residents.** Where the total number of parking *spaces* provided for each *residential dwelling unit* exceeds one parking *space* per *residential dwelling unit*, 2 percent, but no fewer than one *space,* of all the parking *spaces* not covered by 208.2.3.1 shall comply with 502.
>
> **208.2.3.3 Parking for Guests Employees and Ot er Non Residents.** Where parking spaces are provided for persons other than residents, parking shall be provided in accordance with Table 208.2.

**208.2. an Parking Spaces.** or every six or fraction of six parking *spaces* required by 208.2 to comply with 502, at least one shall be a van parking *space* complying with 502.

**208.3 Location.** Parking *facilities* shall comply with 208.3

> **208.3.1 General.** Parking *spaces* complying with 502 that serve a particular *building* or *facility* shall be located on the shortest *accessible* route from parking to an *entrance* complying with 206.4. Where parking serves more than one *accessible entrance*, parking *spaces* complying with 502 shall be dispersed and located on the shortest *accessible* route to the *accessible entrances*. n parking